## HULL v. BERNATZ.

1. TROVER—ACTION BY ASSIGNEE OF MORTGAGE—DEFENSES.

It is no defense to an action of trover by the assignee of a chattel mortgage against an attaching officer that the attachment was issued before plaintiff's assignment was executed, where there is evidence of subsequent acts of conversion.

2. SAME—DAMAGES—REDUCTION OF MORTGAGE DEBT.

In trover by a mortgagee for the conversion of a part of the mortgaged chattels, the amount at which the plaintiff bid in the remaining property at mortgage sale, rather than the amount for which he afterwards sold the same, should be applied in reduction of the mortgage debt in determining the amount of his damages.

3. SAME.

In trover by the assignee of a chattel mortgage against an attaching creditor of the mortgagor, the defendant cannot complain that moneys collected by the plaintiff upon certain accounts assigned as collateral to the mortgage, instead of being credited thereon, were applied to the payment of other claims against the mortgagor, to secure which plaintiff held a second assignment of the accounts, executed prior to the levy.

4. SAME.

A., with a view to securing certain creditors, executed a chattel mortgage to B., assigning some accounts as collateral, and then gave a bill of sale of the accounts and the mortgaged property to C. The latter purchased B.'s mortgage, taking an assignment to D., who was interested with C. in the claims secured by the bill of sale. The accounts were turned over to C., who collected the same, and applied the amount upon his debt. In trover by D. against an officer who had seized the goods on attachment against A. subsequent to the several transfers, it was *held* that the defendant had no cause to complain of the application made of the moneys so collected.

Error to Wayne; Brevoort, J. Submitted June 13, 1895. Decided October 1, 1895.

Trover by Charles B. Hull against Jacob Bernatz.

From a judgment for plaintiff, defendant brings error. Affirmed.

*Avery Bros. & Walsh,* for appellant.

*Elliott G. Stevenson,* for appellee.

HOOKER, J.   The plaintiff recovered a judgment against the defendant, an officer, for the conversion of certain chattels, which defendant seized by attachment as the property of one Smith.   Previous to the connection of either of the parties to this action with the transaction, Smith was indebted to Hartsuff and to the Commercial Bank, and he gave to each a mortgage to cover the several claims.   He also assigned some accounts as collateral security.   At the same time a mortgage of $1,000 was given upon the same property to Smith's wife; and on November 24, 1891, a bill of sale was made to Gordon, McLean, and Hutchings to cover other debts owned by them and the concerns represented by them. Hull, the plaintiff, was a member of one of these firms. On November 24, 1891, Armstrong & Graves, other creditors, seized the property upon an attachment; but this attachment suit was discontinued, and another begun, and levy made upon the goods on December 16, 1891.   The property continued in the possession of the defendant, and was ultimately sold upon execution issued in said action.   On the day of the levy, viz., December 16, 1891, a controversy having arisen between Hartsuff and the bank, on the one side, and Gordon and McLean, on the other, over the book accounts, it was adjusted by the purchase by them (*i. e.,* Gordon and McLean) of the mortgages given Hartsuff and the bank, which were duly assigned to Hull, the plaintiff.   Subsequently trover was brought by him against the officer, who has brought error upon the judgment rendered against him.   The plaintiff sold the property on foreclosure, and purchased the same at the sale.   He subsequently sold it at an advance on the price paid.

The points relied on are (1) that the conversion occurred before the assignment to plaintiff, which did not have the effect to assign a right of action therefor; (2) that the jury were permitted to render a verdict for more than the balance due upon the mortgages; (3) that the amount collected on the accounts assigned as security for the mortgage debts should have been applied in reduction of such balance; (4) that the amount received by plaintiff for said goods, and not the amount bid by him at the sale, should have been applied in reduction of the mortgages.

1. There is no force in defendant's first point, for the reason that it does not conclusively appear that the second attachment preceded plaintiff's purchase of the mortgages. If it did, he was not obliged to treat such attachment as a conversion, and apparently may not have done so, as there is testimony of a conversation with defendant at a later time in which the latter is said to have denied plaintiff's right to the goods, which he still had in possession.

2. We think the amount bid at the foreclosure sale, and not the price subsequently received by plaintiff, was the sum to be applied upon the mortgage debt.

3. The court instructed the jury that they should render a verdict for the balance due on the mortgages only, deducting from the face of the mortgages amounts received by Hull from whatever source. He stated then that they might apply the amounts collected on the book accounts assigned as collateral, if they thought it should be done. Later, however, he stated that the application of the amount collected on the accounts to the claim of Gordon *et al.* under the assignment to them, instead of upon the mortgages, was not a matter that the defendant could complain of. This assignment or bill of sale to Gordon *et al.* was of all goods, accounts, etc., subject to the mortgages. It does not appear to have been recorded, but possession was taken immediately; and it is claimed by the assignees that it was not taken by way of security, but as a purchase, although Smith claims otherwise.

McLean proceeded to collect the accounts, and the amounts received were deposited to their credit in the bank. When the mortgages were bought by them, they paid for them in part by their note, and gave a check for the balance against their account. The mortgages were assigned to Hull for their benefit and by their direction, and the accounts in the hands of the mortgagees were surrendered to them. It therefore appears that neither the bank nor Hull made collections of any accounts pledged as collateral, and the collections made by Gordon and McLean were lawfully applied upon their own claim. We agree with the learned circuit judge that the defendant has no cause to complain that they were not applied upon the mortgages.

This disposes of the questions discussed, and the judgment must be affirmed.

The other Justices concurred.